# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WINN-DIXIE MONTGOMERY LEASING, LLC**            **PLAINTIFF**

v.                                        **CAUSE NO. 1:16CV394-LG-RHW**

**FIRST REAL ESTATE, INC.**                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COUNTER-COMPLAINT AND ALLOWING LEAVE TO AMEND CERTAIN CLAIMS

BEFORE THE COURT is the [15] Motion to Dismiss filed by Plaintiff Winn-Dixie Montgomery Leasing, LLC, regarding the [12] Amended Counter-Complaint filed by Defendant First Real Estate, Inc. The Court has considered the parties' submissions and the relevant law, and is of the opinion that the Motion should be granted in part and denied in part. The Court will grant the Motion with respect to First Real Estate's claims for breach of contract and abuse of process, but will allow First Real Estate leave to amend its Counterclaim with respect to those claims. The Court will otherwise deny the Motion. The Court will also deny each party's request for an award of fees, expenses, and costs.

## BACKGROUND

This action arises out of a lease agreement between a landlord, First Real Estate, and its commercial tenant, Winn-Dixie. The parties agree that they are successors-in-interest to the original parties to the Lease at issue. In its [10] Amended Complaint, Winn-Dixie claims that First Real Estate defaulted on the Lease "by failing to make certain repairs to the Premises." (*See* Am. Compl. 2 (¶3),

ECF No. 10).  As a result, Winn-Dixie is suing First Real Estate for a declaratory judgment, specific performance, breach of contract, and breach of the covenant of good faith and fair dealing.

First Real Estate contends that it has repaired and maintained the Premises "in good condition . . . in compliance with the Lease . . . ."  (Counterclaim 17-18 (¶8), ECF No. 12).  In its Counterclaim, it, too, seeks a declaratory judgment.  It further alleges that Winn-Dixie is liable to it for breach of contract, breach of the duty of good faith and fair dealing, and abuse of process under Mississippi state law, and seeks injunctive relief.

Winn-Dixie has moved to dismiss the Counterclaim in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  First Real Estate has opposed the Motion,[1] and Winn-Dixie has replied.  Both parties have requested that the Court tax fees, expenses, and costs, against the other party.

## DISCUSSION

In ruling on a 12(b)(6) motion, the Court accepts "as true the well-pleaded factual allegations in the complaint and construe[s] the complaint in the light most favorable to the plaintiff."  *Hermann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 557 (5th Cir. 2002).  To survive dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief

---

[1] In doing so, First Real Estate has raised several arguments about alleged deficiencies in Winn-Dixie's Complaint.  Such arguments are not properly before the Court on this Motion.

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## I. BREACH OF CONTRACT

This claim requires that First Real Estate show "(1) the existence of a valid and binding contract; (2) breach of the contract by the defendant; and (3) money damages suffered by" it. *See Guinn v. Wilkerson*, 963 So. 2d 555, 558 (Miss. Ct. App. 2006). Winn-Dixie argues that the Counterclaim fails on the second element because First Real Estate does not "state that Winn-Dixie breached any of its obligations under the Lease . . . ." (*See* Winn-Dixie Mem. 8, ECF No. 16). The Court has reviewed the Counterclaim and reaches the same conclusion. *See, e.g.*, *McCann v. Wal-Mart Stores, Inc.*, No. 2:11-CV-12, 2012 WL 777306, at *4 (N.D. Miss. Mar. 7, 2012) ("A party cannot make a valid claim for breach of contract without alleging what the actual breach is.").

First Real Estate argues that the "Breach of Contract" heading makes clear that it is suing for breach of contract. But, regardless of the heading, First Real Estate was still required to plead facts from which the Court could reasonable infer that Winn-Dixie is liable for a breach of contract. First Real Estate did not do so.

3

*See Ashcroft*, 556 U.S. at 678-79; *see also Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).

In an apparent attempt to cure these pleading deficiencies, First Real Estate has submitted an affidavit to supplement its breach of contract allegations. However, "it would be improper for the Court to consider an affidavit attached to a response to a motion to dismiss." *See MGT Gaming, Inc. v. WMS Gaming, Inc.*, 978 F. Supp. 2d 647, 657 n.6 (S.D. Miss. 2013). Likewise, the Court has not considered counsel's allegations in First Real Estate's Opposition Memorandum that were not actually pled.[2] Nevertheless, mindful that leave to amend "is to be freely given[,]" Fed. R. Civ. P. 15(a), the Court will allow First Real Estate the opportunity to amend its Counterclaim to state a breach of contract claim.

## II. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING AND INJUNCTIVE RELIEF

"[U]nder Mississippi law, every contract carries with it an implied covenant of good faith and fair dealing in their performance, which covenant holds that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Austin Firefighters Relief & Ret. Fund v. Brown*, 760 F. Supp. 2d 662, 676 (S.D. Miss. 2010) (citation and quotation marks omitted). "The duty of good faith and fair dealing 'arises from the existence of a contract between parties.'" *Id.* (citation omitted). "Thus, it is said that generally, as a matter of law,

---

[2] To the extent First Real Estate relies on the affidavit or counsel's allegations to supplement any other causes of action in its Counterclaim, the Court has similarly disregarded such attempted supplementation.

when a party acts in accordance with the express terms of a contract, the implied covenants of good faith and fair dealing have not been violated." *Id.* (citation, quotation marks, and brackets omitted).

First Real Estate alleges that Winn-Dixie breached the covenant of good faith and fair dealing "by sending harassing and threatening letters over a course of months and then years to [First Real Estate] and then filing this lawsuit, after [First Real Estate] had complied with all terms and conditions as set forth in the Lease." (*See* Counterclaim 19 (¶12), ECF No. 12). First Real Estate requests "that the Court issue an injunction prohibiting [Winn-Dixie], and those whom it directs, is directed by, or is otherwise associated with, from continuing to harass [First Real Estate] by wrongfully claiming that [First Real Estate] is in default under the Lease and its amendments." (*See id.* at 20 (¶14)); (*see also* First Real Estate Mem. 12, ECF No. 27 ("As it relates to the damages for the breach of the duty of good faith and fair dealing, First Real Estate asserts that it is entitled to . . . injunctive relief [as] sought in its counter-claim . . . .")).

According to Winn-Dixie, the alleged "harassing letters" were issued pursuant to the Lease to inform First Real Estate of repairs required under the Lease, and, thus, these communications cannot constitute a violation of the covenant of good faith and fair dealing. This argument ignores the well-settled law that, at this juncture, the Court must construe the Counterclaim in the light most favorable to First Real Estate, and First Real Estate has alleged that the communications were sent *in spite of* its compliance with the Lease. Accepting this

allegation as true, this is enough to state a claim that is plausible on its face. Therefore, the Court will deny the Motion to Dismiss as it relates to First Real Estate's claim for breach of the covenant of good faith and fair dealing. This claim is best tested by a motion for summary judgment.

### III. ABUSE OF PROCESS

An essential element of abuse of process is "that the defendant made an illegal and improper perverted use of the process, a use neither warranted nor authorized by the process . . . ." *See Moon v. Condere Corp.*, 690 So. 2d 1191, 1197 (Miss. 1997). First Real Estate argues that the same facts supporting its claim for breach of the covenant of good faith and fair dealing also support an abuse of process claim. But the only possible "process" at issue was the filing of this civil action by Winn-Dixie against First Real Estate, which is insufficient to state such a claim. *See, e.g.*, *id.*; *Clinton v. Johnson*, No. 3:13-CV-871-DCB-MTP, 2014 WL 4851086, at *5 (S.D. Miss. Sept. 29, 2014). First Real Estate's belief that Winn-Dixie's civil action against it has no merit and its corresponding disagreement with the factual and legal basis for Winn-Dixie's claims is not enough to state a cognizable abuse of process claim. *See, e.g.*, *Austin Firefighters*, 760 F. Supp. at 677.

First Real Estate states that "Winn-Dixie, by way of this lawsuit, is seeking a brand new roof and a brand new parking lot for its store, as well as First Real Estate repairing Winn-Dixie's portion of [certain] signage. None of these items are contract terms of the Lease." (First Real Estate Mem. 14, ECF No. 27). Whether or not Winn-Dixie is entitled to what it requests under the Lease will be for the finder

6

of fact. First Real Estate's contention in this respect is an attempt to re-state its argument that the filing of this civil action amounts to abuse of process, which, as already discussed above, is not the law. If it were, any defendant who denied the allegations of a complaint could state a counterclaim for abuse of process. While it is questionable that any amendment to the abuse of process claim can cure these deficiencies, the Court will, in an abundance of caution, allow First Real Estate the opportunity to amend this claim should it choose to do so.[3] *See* Fed. R. Civ. P. 15(a); *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013).

## IV.   DECLARATORY JUDGMENT

Winn-Dixie argues that because First Real Estate's "counterclaim for declaratory judgment would be resolved by deciding Winn-Dixie's Amended Complaint, the Counterclaim is redundant and must be dismissed."[4] (Winn-Dixie Mem. 16, ECF No. 16). However, this Court agrees with another court in this circuit that "it is very difficult to determine whether [a] declaratory-judgment

---

[3] First Real Estate has not stated and could not state a claim for malicious prosecution, either, because such a claim requires a termination of proceedings in First Real Estate's favor. *See, e.g.*, *Cent. Healthcare Servs., P.A. v. Citizens Bank of Philadelphia*, 12 So. 3d 1159, 1167 (Miss. Ct. App. 2009). In considering amendment of the abuse of process claim, counsel is reminded of Rule 11 which states, *inter alia*, that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] the claims, defenses, and other legal contentions are warranted by existing law . . . ."

[4] In its Rebuttal Memorandum, Winn-Dixie raises additional arguments for dismissal of this claim, but the Court will not consider arguments raised for the first time in a reply brief.

counterclaim really is redundant prior to trial.'" *Dunbar v. Google, Inc.*, No. 5:10-CV-194-DF, 2011 WL 13142149, at *2 (E.D. Tex. July 25, 2011) (citation omitted). "'Thus, the safer course . . . is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action.'" *Id.* (citation omitted).

At this point, the Court cannot say that there is no doubt that First Real Estate's request for declaratory judgment will be rendered moot by the adjudication of the main action. Instead, the Court finds it prudent to deny dismissal. *See, e.g., id.*; *see also ProCentury Ins. Co. v. Harbor H. Club Condo. Ass'n*, 652 F. Supp. 2d 552, 556-67 (D.N.J. 2009). In any event, "[e]ven if the counterclaim were wholly redundant, this Court may exercise its discretion by not dismissing the counterclaim." *See Astral Health & Beauty, Inc. v. Aloette of Mid.-Miss., Inc.*, 895 F. Supp. 2d 1280, 1284 (N.D. Ga. 2012).

## V. FEES, EXPENSES, AND COSTS

Neither party has supported its request for an award of fees, expenses, and costs with any authority or argument. Because the Court finds that the Motion should be granted in part and denied in part, the Court is not persuaded that either party is entitled to an award of its fees, expenses, and costs.

## CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result. For the reasons discussed herein, the Court will grant in part and deny in part the Motion

8

to Dismiss, allow amendment of the Counterclaim, and deny any request for fees, expenses, and costs.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The Court grants the Motion with respect to First Real Estate's claims for breach of contract and abuse of process in its Counterclaim. The Court will allow amendment to the Counterclaim, as outlined above, within **fourteen (14) days from the date of this Order**. The Court denies the Motion in all other respects, and denies the parties' requests for an award of fees, expenses, and costs.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE