# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WINN-DIXIE MONTGOMERY LEASING, LLC**            **PLAINTIFF**

v.            **CAUSE NO. 1:16CV394-LG-RHW**

**FIRST REAL ESTATE, INC.**            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## <u>GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

BEFORE THE COURT is the [44] Motion for Partial Summary Judgment filed by the plaintiff, Winn-Dixie Montgomery Leasing, LLC. Winn-Dixie seeks a declaration that it has a right under its lease with the defendant, First Real Estate Inc., to repair the roof and abate rent for its store premises in Picayune, Mississippi. First Real Estate has filed a response, and Winn-Dixie has replied. After due consideration of the parties' submissions, it is the Court's opinion that the legal question at issue in this Motion should be resolved in favor of Winn-Dixie. Accordingly, the Motion will be granted.

### BACKGROUND

Winn-Dixie filed an amended complaint for declaratory judgment, specific performance, and damages under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. The amended complaint concerns a lease agreement between Winn-Dixie and First Real Estate last amended in 1992 for premises at the Pearl River Shopping Center in Picayune, Mississippi. The complaint alleges that First Real Estate defaulted on its lease obligations by failing to repair the parking lot, roof, and pylon sign on the premises. (Am. Compl. 2, ECF No. 10). Winn-Dixie seeks a declaration of the

default regarding repairs to the parking lot, roof, and pylon sign, and its rights to make repairs and deduct repair expenses from rental payments otherwise due to First Real Estate.

DISCUSSION

This Motion concerns only the roof portion of Winn-Dixie's claim. Winn-Dixie argues that the lease term governing maintenance and repair of the roof is unambiguous, with the result that it has the legal right to repair the roof and abate rent in an equal amount.

It first appeared that in addition to this legal issue, Winn-Dixie presented a factual question of whether First Real Estate had failed to make adequate repairs to the roof. It argued that the roof is beyond its useful life, repairs have been inadequate, and therefore Winn-Dixie is entitled to make repairs and abate rent. (Pl. Mem. 2, ECF No. 45). Winn-Dixie attached the 2015 report of Guy Roofing, indicating that a full replacement of the deteriorated roof was desirable, as "repair attempts may result in a waste of valuable assets with little return on the investment." (Pl. Mot. Ex. B 8, ECF No. 44-2). Winn-Dixie also attached a 2017 evaluation by a roofing consultant who recommended re-application of the elastomeric coating. (Pl. Mot. Ex. C 4, ECF No. 44-3).

After First Real Estate engaged the question of the adequacy or necessity of roof repairs in its response, Winn-Dixie reiterated that it only sought to establish the legal issue of whether the lease gave it the right to repair the roof at no expense

to itself.[1]  As to this narrow legal question, there is no dispute.  First Real Estate concedes that "the language of the Lease plainly states, 'Landlord shall, at its cost and expense, keep and maintain in good condition and repair . . . the exterior of Tenant's store building, including the roof.'" (Def. Response 4, ECF No. 45). Additionally, the Court notes the language allowing Winn-Dixie to make repairs and abate rent payments in the circumstances it alleges in this case:

> [I]f the Landlord after receipt of notice as above provided fails or neglects to make with all due diligence such other repairs . . . which are the responsibility of the Landlord, the Tenant shall have the right to make such repairs and to deduct from the rental installments then due or thereafter to become due such sums as may be necessary to reimburse the Tenant for the money expended or expense incurred by it in making such repairs.

(Pl. Mot. Ex. A1, at 7, ECF No. 44-1).

Thus, the unambiguous terms of the lease require First Real Estate to keep the roof in good repair and if it does not do so, then Winn-Dixie may make necessary repairs and deduct the cost from its rent payments.  Whether any of these conditions can be proven to exist as a matter of fact is not at issue at this time.  The Court holds only that Winn-Dixie is entitled to the declaration it seeks regarding the terms of the lease.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the plaintiff's [44] Motion for Partial Summary Judgment is **GRANTED**.

---

[1]  "Winn-Dixie is not requesting that the Court make a factual determination regarding the condition of the roof and the actions of the parties relative to the terms of the lease.  Instead, Winn-Dixie is requesting only that the Court declare the terms of an unambiguous lease."  (Pl. Rebuttal 1, ECF No. 54).

**IT IS FURTHER ORDERED AND ADJUDGED** that the lease agreement between the parties provides that:

1) Defendant has an obligation to keep and maintain, in good condition and repair, the exterior of Plaintiff's store building, including the roof;

2) if Defendant fails to make necessary repairs after proper notice, Plaintiff is entitled to make or cause necessary repairs to be made tothe roof; and

3) Plaintiff is entitled to deduct from the rental installment payments required under the Lease the sum as may be necessary to reimburse Plaintiff for the money expended or expenses incurred therein to complete repairs to the roof.

**SO ORDERED AND ADJUDGED** this the 20th day of September, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE