IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WINN-DIXIE MONTGOMERY LEASING, LLC**                     **PLAINTIFF**

v.                                             **CAUSE NO. 1:16CV394-LG-RHW**

**FIRST REAL ESTATE, INC.**                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER DENYING
MOTION FOR TEMPORARY RESTRAINING ORDER
<u>AND PRELIMINARY INJUNCTION</u>**

BEFORE THE COURT is the [66] Motion for Temporary Restraining Order and Preliminary Injunction, filed by Defendant First Real Estate, Inc. The Motion has been fully briefed. The Court finds that a Temporary Restraining Order and Preliminary Injunction should not issue.

BACKGROUND

Winn-Dixie filed an amended complaint for declaratory judgment, specific performance, and damages under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57. The amended complaint concerns a lease agreement between Winn-Dixie and First Real Estate for premises at the Pearl River Shopping Center in Picayune, Mississippi. The complaint alleges that First Real Estate defaulted on its lease obligations by failing to repair the parking lot, roof, and pylon sign on the premises. (Am. Compl. 2, ECF No. 10). Winn-Dixie seeks a declaration of the default regarding repairs to the parking lot, roof, and pylon sign, and its rights to make repairs and deduct repair expenses from rental payments otherwise due to First Real Estate. In ruling on an earlier summary judgment motion, the Court held that "the unambiguous terms of the lease require First Real Estate to keep the roof in good repair and if it

does not do so, then Winn-Dixie may make necessary repairs and deduct the cost from its rent payments." (Memo. Op. & Order Granting Mot. Partial Summ. J. 3, ECF No. 58).

The parties have disputed the condition of the roof since at least 2015. It is not clear why Winn-Dixie decided it was time to install a thermoplastic polyolefin ("TPO") roof, but it apparently notified First Real Estate on September 22, 2017, that it intended to do so. First Real Estate moves for a Temporary Restraining Order and Preliminary Injunction to prevent Winn-Dixie from replacing the roof in place with a TPO roof. First Real Estate contends that replacement of the roof is neither necessary nor advisable, while Winn-Dixie argues that "the roof is in deplorable condition and a true repair is necessary." (Pl. Resp. 2, ECF No. 69).

DISCUSSION

To obtain a preliminary injunction, the applicant must show: (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to the party whom the applicant seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. *Lake Charles Diesel, Inc. v. Gen. Motors Corp*. 328 F.3d 192, 195-96 (5th Cir. 2003). The Fifth Circuit has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196 (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d

618, 621 (5th Cir. 1985)).

The Court proceeds directly to the irreparable harm element, because it is dispositive of the injunction issue.

> [A]n injury is irreparable only if it cannot be undone through monetary remedies. Thus, the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm. The absence of an available remedy by which the movant can later recover monetary damages, however, may also be sufficient to show irreparable injury.

*Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472-73 (5th Cir. 1985) (internal citations and marks omitted); *see also DFW Metro Line Serv. v. Sw. Bell Tel. Co.*, 901 F.2d 1267, 1269 (5th Cir. 1990) (there is no irreparable injury where money damages would adequately compensate a plaintiff); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981) (same).

In addition to arguing that replacement of the roof is not necessary or feasible, First Real Estate argues that its building would be permanently and irreparably altered by the installation of a TPO roof, and it objects to the alteration of its property. First Real Estate argues that it would suffer an abatement of rent for the value of a TPO roof that it would not choose to purchase for its building. Additionally, a TPO roof might be more expensive to First Real Estate to maintain on an ongoing basis, and installing a TPO roof would constitute spoliation of important evidence in this case. Finally, First Real Estate argues that a TPO roof might negatively impact a potential sale of the property it is now negotiating.

Winn-Dixie relies on the following provision of the lease to install a TPO roof

-3-

over the objections of First Real Estate:

> [I]f the Landlord after receipt of notice as above provided fails or neglects to make with all due diligence such other repairs . . . which are the responsibility of the Landlord, the Tenant shall have the right to make such repairs and to deduct from the rental installments then due or thereafter to become due such sums as may be necessary to reimburse the Tenant for the money expended or expense incurred by it in making such repairs.

(Pl. Mot. Ex. A1, at 7, ECF No. 44-1). According to Winn-Dixie, installation of a TPO roof is a necessary repair.

In the Court's view, with the exception of the evidentiary issue, First Real Estate's projected injuries can be undone with monetary damages. If Winn-Dixie replaces the roof, it must prove that a new roof was a necessary repair as contemplated by the lease in order to justify rent abatement. If Winn-Dixie fails, then First Real Estate has the remedy of a lawsuit in which to seek all of the damages it has actually suffered. First Real Estate's building can be repaired, or even replaced, with money. Similarly, the loss of a sale is simply a loss of money. The Fifth Circuit has stated that "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of [an injunction], are not enough." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). As for the potential spoliation issue, this case is at the end of its discovery period. Both parties have obtained recent reports from roofing experts who inspected the roof and opined as to the necessity of repair or replacement. (*See* Julian Report, ECF No. 66-9; Dye Aff., ECF No. 66-11). First Real Estate does not explain how spoliation could occur in these circumstances.

The Court therefore finds that First Real Estate has not clearly carried the burden of persuasion on all four requirements to obtain the "extraordinary remedy" of an injunction, because it has not shown there is a substantial threat that it will suffer irreparable injury if an injunction is not granted.  Accordingly, First Real Estate's Motion for a Temporary Restraining Order and Preliminary Injunction will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [66] Motion for Temporary Restraining Order and Preliminary Injunction, filed by Defendant First Real Estate, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 2nd day of November 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge